UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD ALFONSO SMITH, | : |
| Petitioner, | : Civil Action No. 21-11214 (KM) |
| v. | : **MEMORANDUM ORDER** |
| JOHN TSOUKARIS, et al., | : |
| Respondents. | : |

This matter comes before the Court on a petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241, filed by Richard Alfonso Smith, a native and citizen of Jamaica. DE 1. Smith challenges the constitutionality of his continued detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the reasons below, Smith's petition is granted to the extent that the Government is directed to provide Smith with a bail hearing within 21 days of the date of this Order, and denied in all other respects.

An immigration judge ordered Smith removed in February 2017; the Board of Immigration Appeals affirmed that decision in June 2017; and Immigration and Customs Enforcement ("ICE") took him into custody in August 2019. DE 1 at 2; DE 17-1 at 7 (declaration of ICE Deportation Officer Jon J. Klaybor). Approximately 17 months later, in January 2021, an immigration judge held a bond hearing pursuant to the then-controlling authority of *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018), *abrogated by Johnson v. Arteaga-Martinez*, 142 S. Ct. 1827 (2022), and denied bond because the Government had demonstrated that Smith is a danger to the community and a flight risk. DE 7-9 at 3. Because Smith has had a final order of removal since June 2017, his detention is pursuant to 8 U.S.C. § 1231(a). *See Zadvydas v. Davis*, 533 U.S. at 682–83; 8 U.S.C. § 1101(a)(47)(A) (order of

removal becomes "final" "upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Smith filed his petition in May 2021 (DE 1), arguing that his detention has become unreasonably prolonged and his removal to Jamaica is unlikely in the reasonably foreseeable future. He seeks immediate release under *Zadvydas*. DE 1 at 13–14. The Government responded in March 2022, arguing that the petition should be dismissed because Smith has refused to cooperate with removal efforts and has therefore failed to establish there is no significant likelihood of his removal in the reasonably foreseeable future. DE 7 at 7–12. Smith replied in May 2022 with an affidavit and supporting documentation detailing his efforts to cooperate with his removal; he alleges, in essence, that he has attempted to comply with the Government's requests but that the Jamaican embassy has refused to issue travel documents based on factors beyond his control. DE 13. Smith then sought a status update in a letter dated November 2, 2022. (DE 15) The following day, November 3, 2022, I ordered the Government to show cause why the Court should not order immediate release or a prompt bail hearing (DE 16); and on November 17, 2022, the Government replied, reiterating its arguments that the petition should be dismissed because Smith has failed to cooperate in removal efforts, specifically by failing to apply for a Jamaican passport. The government's response contains no citation to new evidence or developments. It does state, without further elaboration, that it "expects to receive a travel document for Petitioner soon," and that therefore, "Petitioner's removal is reasonably foreseeable," DE 17 at 2.

Smith has now been detained without a further bond hearing for 660 days. The Department of Homeland Security has been attempting to obtain a valid travel document for him

since 2017. DE 17-1 at 7 (Klaybor Decl.) Approximately eight months ago the Government represented that the Jamaican embassy has been "unable" to issue Smith's travel documents "due to verification of document deficiencies," *see* DE 7 (Gov't Br.) at 9, and though the Government now states that it expects removal will occur "soon," it has not provided new information regarding whether the unspecified "deficiencies" have been remedied, and, if not, whether and how they will "soon" be remedied.

On these facts, the Government has not met its burden pursuant to *Zadvydas* of demonstrating that there is a significant likelihood of removal in the reasonably foreseeable future. *Id.*, 533 U.S. at 702; *see also Barenboy v. Att'y Gen. of United States*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005) (once petitioner provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the Government, "which 'must respond with evidence sufficient to rebut that showing.'") (quoting *Zadvydas*, 533 U.S. at 701). Further, the record before the Court does not demonstrate that Smith has refused to cooperate in his removal such that the relevant 90-day removal period may be tolled. *See* 8 U.S.C. § 1231(a)(1)(C). Smith's affidavit and supporting documentation are sufficient evidence of his efforts to cooperate. DE 13 at 11–22.

The government blames Smith for failing to produce documentation of his Jamaican birth citizenship. He responds, plausibly, that he left Jamaica as a young child, and does not possess a birth certificate. He has sought verification from the Jamaican authorities, but has not received it. The government is far more forgiving of its own apparent inability to obtain the necessary paperwork from the Jamaican government.

I do not say that Smith is not deportable; indeed, his deplorable criminal history suggests that deportation is richly deserved. Nevertheless, the government cannot simply continue to hold

3

him without bail indefinitely while the impasse identified in my order to show cause continues. His continued civil detention—it has now been 660 days since his last bond hearing—raises due process concerns. As I noted in my previous order, courts have found detentions of similar length to be unreasonable. *See* DE 16 at 4; *see also Guerrero*, 905 F.3d at 221 (detention of 637 days raised serious due process concerns); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (noting, in context of § 1226, "concern that, despite an initial bond hearing, detention . . . might become unreasonably prolonged, whether by virtue of government delay or otherwise," in violation of due process clause); *Zavala v. Martin*, No. 21-500, 2022 WL 684147, at *3, *6 (D.R.I. Mar. 8, 2022) (petitioner is entitled to a bond hearing where he has been detained for nearly eleven months and his appeal is likely to last several more months"); *Al-Sadoon v. Lynch*, No. 21-11438, 2022 WL 492971, at *7–10 (E.D. Mich. Feb. 17, 2022) (ordering release pursuant to *Zadvydas* where petitioner had been detained under Section 1231(a)(6) for 757 days); *Romero v. Ogle*, No. 21- 1192, 2021 WL 8362027, at *1 (M.D. Pa. Nov. 12, 2021) (petitioner detained pursuant to § 1231 for 6 years received two bond hearings: one after approximately 4.5 years in custody and one after approximately 5.5 years in custody); *Jack v. Decker*, No. 21-10958, 2022 WL 4085749, at *14 (S.D.N.Y. Aug. 19, 2022) ("the Court concludes that [petitioner's] continued detention without a bond hearing has become unreasonable . . . as the more than two years since his last bond hearing is significant"); *Rodriguez v. Barr*, No. 20-6581, 2021 WL 6797497, at *2–3 (W.D.N.Y. Feb. 10, 2021) ("The Court recognizes that [petitioner] has already received a . . . bond hearing. However, that does not obviate the necessity of inquiring into whether his continued detention comports with due process.").

4

I will not now order Smith's release, but I will grant Smith's petition to the extent of ordering the Government to provide Smith with an individualized bond hearing. As to whether the presiding officer should weigh the competing considerations differently in light of current circumstances, I express no view. And of course, should the travel documents issue "soon," as predicted, this motion may become moot.

Accordingly, IT IS this 18th day of November, 2022,

**ORDERED** the petition is granted in part and denied in part as follows: The petition is **GRANTED** to the extent that the Government is directed to provide Smith an individualized bond hearing before an immigration judge within 21 days of this order, and **DENIED** in all other respects; and it is further

**ORDERED** that the attorney for the government shall report on the outcome of any such hearing and the status of the case within 30 days.

/s/ Kevin McNulty

KEVIN MCNULTY
United States District Judge